**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sons of Hell Motorcycle Club, et al., | |
| Plaintiffs, | No. CV-13-08192-PCT-PGR |
| vs. | |
| Arizona Department of Public Safety, et al., | ORDER |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion for Relief From Order (Doc. 27), wherein the plaintiffs seek to have the judgment dismissing their action vacated pursuant to Fed.R.Civ.P. 60(b). Having considered the motion in light of the defendants' Joint Response to Plaintiffs' Motion for Relief From Order (Doc. 28) and the plaintiffs' failure to file any reply in support of their motion, the Court finds that the motion should be denied.[1]

Background

The plaintiffs, who consist of the Sons of Hell Motorcycle Club and fifteen individuals, filed their Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 on July

---

[1]     The Court notes that no party has requested oral argument on the plaintiffs' motion.

19, 2013, through attorney Philip A. Seplow of Phoenix.  The complaint alleges that the defendants, who consist of three Arizona and Coconino County law enforcement agencies or organizations and eighteen state and county law enforcement officers and seventeen of their spouses, violated several of the plaintiffs' constitutional rights on July 23, 2011 during a multiple homicide investigation.

On November 27, 2013, the defendants filed a Joint Motion to Exceed Page Limit, wherein they requested permission to file an overlength motion to dismiss this action; the defendants served their motion on Mr. Seplow.  On December 9, 2013, attorney Stephen P. Stubbs of Las Vegas filed an application pursuant to LRCiv 83.1(b)(2) to appear in this action *pro hac vice* on behalf of the plaintiffs; the Clerk of the Court granted that application on December 9, 2013.  On January 2, 2014, the Court vacated the Scheduling Conference that had been set for January 13, 2014, and granted the defendants leave to file their lodged motion to dismiss; notice of the Court's order was given to both Mr. Seplow and Mr. Stubbs.  The Defendants' Joint Motion to Dismiss All Claims was filed on January 2, 2014, and notice of that filing was given to both Mr. Seplow and Mr. Stubbs.  The defendants' twenty-two page motion sought the dismissal of the plaintiffs' complaint in its entirety principally pursuant to Fed.R.Civ.P. 12(b)(6).

The Court granted the defendants' motion to dismiss on June 9, 2014, pursuant to LRCiv 7.2(i) due to the plaintiffs' failure to respond in any manner to the motion.[2]  The Clerk of the Court entered judgment for the defendants that same day.

---

[2]

Since the defendants' motion to dismiss was premised in part on a standing-related lack of subject matter jurisdiction argument, the plaintiffs had thirty days after service to respond to the motion. LRCiv 12.1(b).  The Court waited four months after the plaintiffs' response was due before granting the motion to dismiss, during which time the plaintiffs did nothing of record.

1    On July 7, 2014, the plaintiffs, through their Las Vegas counsel, Stephen

2  Stubbs, filed a Motion for Relief From Order, wherein they seek to have the

3  judgment against them vacated pursuant to Fed.R.Civ.P. 60(b) so that they can now

4  respond to the defendants' motion to dismiss.  The defendants filed their Joint

5  Response to Plaintiffs' Motion for Relief From Order on July 18, 2014.  The plaintiffs

6  have not filed any reply in support of their motion, and their time to do so pursuant

7  to LRCiv 7.2(d) expired on July 28, 2014.

8  Discussion

9    The plaintiffs seek to vacate the judgment entered against them pursuant to

10  one or more portions of Fed.R.Civ.P. 60(b) solely on the ground that their failure to

11  respond to the motion to dismiss was caused by Stephen Stubbs' "inexperience in

12  Arizona and Federal judicial procedures."  The Court concludes that the plaintiffs

13  have failed to meet their burden of establishing that the judgment in this action

14  should be vacated under any provision of Rule 60(b).

15    A. Failure to Discuss Co-Counsel

16    The Court initially notes that the plaintiffs' motion is fatally flawed from the

17  outset because it relies solely on Mr. Stubbs' conduct while totally ignoring the fact

18  that at the time this action was dismissed the plaintiffs were also represented by

19  Philip Seplow, the attorney who filed this action on their behalf.[3]  Nothing is said by

20  the plaintiffs about Mr. Seplow's subsequent role in their representation or why he

21  never responded to the motion to dismiss on their behalf.  Under LRCiv 83.3, Mr.

22  Seplow remained a counsel of record for the plaintiffs throughout the prosecution of

23

24

25    [3]

       The Court notes that Mr. Seplow is known to it as being a very

26  experienced criminal defense attorney.

- 3 -

this action, and still so remains, because their Rule 60(b) motion was filed prior to the expiration of the appeal period and because no motion seeking his withdrawal has ever been filed, much less approved by the Court.[4]   The plaintiffs' inexplicable failure to raise any Rule 60(b)-related argument regarding Mr. Seplow's inaction regarding the motion to dismiss is in and of itself a sufficient basis to deny them Rule 60(b) relief.

B. Rule 60(b)(1)

Even if Mr. Seplow's presence as co-counsel was not a determinative factor into the Court's reasoning, the Court would still decline to vacate the judgment because what minimal reasoning the plaintiffs have put forth is simply unpersuasive. Although it is not clear from their motion, it appears that the plaintiffs are relying mainly on Rule 60(b)(1), which provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect[.]"[5] The Court presumes from the plaintiffs' argument that they are relying on the defense of excusable neglect based on Stephen Stubbs' inexperience in litigating this type of case.  Although the plaintiffs never discuss what the concept of excusable neglect

_____

[4]       LRCiv 83.3(a) provides in relevant part that "[a]n attorney of record shall be deemed responsible as attorney of record in all matters before and after judgment until the time for appeal expires or until there has been a formal withdrawal from or substitution in the case."  LRCiv 83.3(b) provides in relevant part that "[n]o attorney shall be permitted to withdraw or be substituted as attorney of record in any pending action except by formal written order of the Court, supported by written application[.]"

[5]       The Court is not sure exactly which portions of Rule 60(b) the plaintiffs are basing their motion on because they never sufficiently say so.  While the plaintiffs specifically cite only to Rule 60(b)(1), their motion quotes the entirety of Rule 60(b) with subsections (b)(1), (2), and (6) italicized; they do not, however, ever explain whether all of the italicized portions form the basis of their motion.

entails, they state that no response was filed to the defendants' motion to dismiss because Mr. Stubbs' law practice started as a tax law-only practice and he is "now starting to work on personal injury and civil rights matters," he "is new to Federal procedures and duties of civil procedure when a motion is filed by another party," he "was not aware of all the technicalities of responding to a formal Motion to Dismiss," and he "is not specifically aware of Arizona and Federal rules of procedure." The plaintiffs also state that Mr. Stubbs reasonably determined that the plaintiffs "did not need to formal[ly] oppose the Motion on the merits [because] Plaintiffs' claims were clearly outlined in the Complaint" and "a response would have entailed the same facts presented in Plaintiffs' Complaint." They further state that Mr. Stubbs "expected to argue the details in person at the hearing of Defendants' Motion to Dismiss."

Leaving aside the issue of whether the plaintiffs' response represents an admission that Mr. Stubbs was not competent to represent the plaintiffs in this action when he was granted *pro hac vice* admission[6], the plaintiffs have not established that his purported lack of knowledge of applicable procedural rules amounts to excusable neglect under the totality of the relevant circumstances. As the defendants correctly point out, LRCiv 83.1(b)(2), which governs Mr. Stubbs' *pro hac vice* admission, provides in part that "[a]ttorneys admitted to practice pro hac vice must comply with the Rules of Practice of the United States District Court for the

---

[6]

LRCiv 83.2(e) provides that "[t]he 'Rules of Professional Conduct,'in the Rules of the Supreme Court of the State of Arizona, shall apply to attorneys admitted or otherwise authorized to practice before the United States District Court for the District of Arizona." Arizona's ER 1.1 requires a lawyer to "provide competent representation to a client" by employing "legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." Nevada, the jurisdiction in which Mr. Stubbs is licensed, has the same ethical rule regarding attorney competency.

District of Arizona." ("Local Rules"); furthermore, by signing the *pro hac vice* application form, Mr. Stubbs specifically certified that he would comply with the Court's Local Rules.  These rules, which Mr. Stubbs clearly did not review as required, specifically provide a time period for responding to a motion to dismiss, *see* LRCiv 7.2(c) (fourteen days after service) and LRCiv 12.1(b) (30 days after service if a jurisdictional defense is raised in the motion), and they specifically set forth the potential consequence for failing to oppose a motion. *See* LRCiv 7.2(i) ("... if ... counsel does not serve and file the required answering memoranda, ... such non-compliance may be deemed a consent to the ... granting of the motion and the Court may dispose of the motion summarily.")  The Local Rules also specifically state that even if a party requests oral argument on a motion, which the defendants did do with their motion to dismiss, the granting of oral argument is nevertheless solely within the Court's discretion and in this case the Court never set a hearing on the defendants' motion. *See* LRCiv 7.2(f) ("The Court may decide motions without oral argument. If oral argument is granted, notice will be given in a manner directed by the Court.")

As the Supreme Court has stated, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect[.]" Pioneer Investment Services Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380, 392 (1993); *accord*, Pincay v. Andrews, 389 F.3d 853, 860 (9th Cir.2004) (en banc) ("We agree that a lawyer's mistake of law in reading a rule of procedure is not a compelling excuse.")  Nevertheless, there is no per se rule requiring the denial of a Rule 60(b) motion based on an attorney's ignorance of procedural rules. Pincay, at 860.  The determination of whether an attorney's neglect is excusable is an equitable one that depends on at least four nonexclusive factors: (1) the danger of prejudice

to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant has acted in good faith. Bateman v. U.S. Postal Service, 231 F.3d 1220, 1223-24 (9th Cir.2000).

The Court concludes that the first two first factors militate against granting the plaintiffs' motion.  The plaintiffs make no effort to discuss the related prejudice and impact factors and thus have not established that the defendants would not be unduly prejudiced or that this litigation would not be adversely impacted if the judgment is vacated. The Court concludes that the adverse effect on the defendants would be more than minimal if this case is allowed to proceed.  This is because this action represents the second time the plaintiffs have sued the defendants in this Court over their actions during the July 23, 2011 incident that allegedly violated the plaintiffs' constitutional rights and the second time the plaintiffs' action has been dismissed due to the failure of their chosen counsel to respond to the defendants' motion to dismiss.  The first action, Sons of Hell Motorcycle Club v. Arizona Department of Public Safety, CV-12-08145-PCT-JAT, was commenced on July 20, 2012 and was dismissed without prejudice on March 19, 2013 when the Court granted the defendants' motion to dismiss after the plaintiffs, through different counsel of record, failed to do anything to oppose the motion to dismiss.[7]  The plaintiffs filed this action four months later.  Now, three years after the incident occurred and two years after the first action was filed, the plaintiffs, without ever disclosing in their motion the existence of the first action, are seeking to vacate the dismissal of their second action so that they can begin to litigate their claims against

---

[7]

All but one of the plaintiffs in this action were named plaintiffs in the first action, and every defendant named in this action was also a named defendant in the first action.

- 7 -

the defendants.  The Court agrees with the defendants that principles of equity prevent the plaintiffs, regardless of whatever unargued prejudice will befall them if the judgment is not vacated, from being able to resurrect increasingly stale claims that they have now twice filed and have twice failed to litigate properly.

The last two factors also weigh against the granting of the motion.  The plaintiffs conclusorily contend that their failure to respond to the defendants' motion to dismiss during the five months between the filing of the motion and the Court's granting of the motion was due to Mr. Stubbs' inexperience with the federal civil judicial system, his lack of specific awareness of Arizona and Federal procedural rules, and his lack of understanding of how to respond to a motion to dismiss.  Not only is Mr. Stubbs' failure to understand and abide by applicable procedural rules "one of the least compelling excuses that can be offered" to support a Rule 60(b) motion, Pincay, 389 F.3d at 859; *see also*, Dela Rosa v. Scottsdale Memorial Health Systems, Inc., 136 F.3d 1241, 1244 (9th Cir.1998) ("The fact that an attorney's federal practice is rare or infrequent, however, is no excuse for ignoring the rules of [the] court."), the plaintiffs' underlying contention that Mr. Stubbs "is new to Federal procedures and duties of civil procedure when a motion is filed by another party" is at the very least a prevarication that represents an unacceptable lack of candor.  It is clear, as the defendants correctly detail, that Mr. Stubbs well knew during the relevant time period that a motion to dismiss required a written response and that the failure to respond could result in the summary granting of the motion.

First, Mr. Stubbs is not some newly admitted member of the bar.  At the time Mr. Stubbs applied for *pro hac vice* admission in this action in December 2013 he had been a member of the Nevada bar for almost seven years.

Second, this action is not the first federal court action of this type litigated by

Mr. Stubbs. The public dockets of the District of Nevada, of which the Court takes judicial notice, establish that Mr. Stubbs first began litigating civil rights actions pursuant to 42 U.S.C. § 1983 in federal court in June 2012 in the ongoing case of Southern Nevada Confederation of Clubs, Inc. v. Las Vegas Metropolitan Police Dept., 2:12-cv-01093-RFB-VCF.

Third, at the time a response to the motion to dismiss in this action should have been filed in February 2014, Mr. Stubbs had already filed several formal responses to motions to dismiss in his District of Nevada § 1983 actions: in the Southern Nevada Confederation of Clubs case, he filed a response in January 2013 and two more in October 2013; and in early February 2014, at the same time he should have filed his response in this action, Mr. Stubbs filed two responses to motions to dismiss in another District of Nevada § 1983 case, AMC Property Holdings, LLC v. Las Vegas Metropolitan Police Dept., 2:13-cv-01591-RFB-VCF.

Fourth, Mr. Stubbs had already been formally put on notice prior to the February 2014 deadline for the plaintiffs to respond to the motion to dismiss in this action that his failure to respond to a motion could lead to it being summarily granted in that the court in the Southern Nevada Confederation of Clubs case entered an order on June 26, 2013 that granted the defendants' motion to strike the plaintiffs' second amended complaint due to Mr. Stubbs' failure to file an opposition to the motion; in so doing, the court stated that "[t]he failure of an opposing party to file a response to any motion constitutes consent to the granting of the motion" pursuant to a District of Nevada local rule that is effectively identical to this Court's local rule. Furthermore, in the dismissal order in March 2013 in CV-12-08145-PCT-JAT, the plaintiffs' first version of this action in this Court, which Mr. Stubbs clearly had an ethical obligation to be aware of, Judge Teilborg, noting that the plaintiffs had failed

- 9 -

to oppose the motion to dismiss, specifically relied on LRCiv 7.2(i) by stating that "[t]he Court's decision to grant the motions in these circumstances is further supported by the fact that it is premised upon a local rule that expressly permits the Court to summarily grant unopposed motions."

The plaintiffs' contention that they acted in good faith in failing to respond to the motion to dismiss is not sufficiently supported by the record, and is made even less persuasive by their failure to make any effort to rebut the defendants' contrary arguments through the filing of a reply in support of their motion.

What the record establishes is that Mr. Stubbs, although knowing at the relevant time that he needed to formally respond to the motion to dismiss to prevent the possibility of it being summarily granted, made the deliberate decision that a written response was not necessary.  As the Ninth Circuit has stated,

> Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of counsel.  For purposes of [Rule 60](b)(1), parties should be bound by and accountable for the deliberate action of themselves and their chosen counsel.  This includes not only an innocent, albeit careless or negligent, attorney mistake but also intentional attorney misconduct.  Such mistakes are more appropriately addressed through malpractice claims.

Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1101 (9th Cir.2006); *accord*, Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir.2004) ("As a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1).")

C. Rule 60(b)(2)

The plaintiffs state in their motion, without any elaboration, that Mr. Stubbs became aware on July 2, 2014 of a newly issued Ninth Circuit decision, Sandoval v. Las Vegas Metropolitan Police Dept., 2014 WL 2936254 (9th Cir. July 1, 2014),

1    that constitutes new case law that "favors" their defense to the defendants' motion

2    to dismiss.  The Court does not know if this contention is meant to raise an issue

3    under Rule 60(b)(2), which pertains to vacating a judgment due to newly discovered

4    evidence.  If it is, there is no merit to it since new case law does not constitute new

5    "evidence" for purposes of the rule. *See* 12 Moore's Federal Practice, § 60.42[3][b]

6    (3rd Ed.) ("Not surprisingly, no court has ever considered changes in the 'law' after

7    trial to constitute newly-discovered 'evidence' so as to justify relief from the judgment

8    under Rule 60(b)(2).")

9        D. Rule 60(b)(6)

10       The plaintiffs also argue that justice would not be served if they are precluded

11   from fairly adjudicating the merits of their claims merely because of their counsel's

12   inexperience.  If this is meant to be an argument for vacating the judgment pursuant

13   to Rule 60(b)(6)'s "any other reason that justifies relief," the Court concludes that it

14   has no merit.  Because Rule 60(b)(6) must be used "sparingly as an equitable

15   remedy to preserve manifest injustice," the plaintiffs are not entitled to relief under

16   this rule unless they demonstrate that they were prevented from prosecuting this

17   action due to "extraordinary circumstances." Lal v. California, 610 F.3d 518, 524 (9th

18   Cir.2010); *accord*, Harvest v. Castro, 531 F.3d 737, 749 (9th Cir.2008) ("A party

19   moving for relief under Rule 60(b)(6) must demonstrate both injury and

20   circumstances beyond his control that prevented him from proceeding with the action

21   in a proper fashion.") (Internal quotation marks omitted.)   No extraordinary

22   circumstances are present here; rather, the Court granted the motion to dismiss as

23   a result of Mr. Stubbs' considered decision not to file a written opposition to the

24   motion. *See* Ackermann v. United States, 340 U.S. 193, 198 (1950) (noting that

25   "free, calculated, deliberate choices are not to be relieved from" under Rule

26

- 11 -

1    60(b)(6).)

2        While the Ninth Circuit recognizes that Rule 60(b)(6) relief may be available

3    to vacate a judgment entered as a result of an attorney's gross negligence, *i.e.*,

4    neglect that is so gross as to be inexcusable, such as an attorney's virtual

5    abandonment of his client, <u>Mackey v. Hoffman</u>, 682 F.3d 1247, 1251 (9th Cir.2012),

6    the plaintiffs make no such argument here.   In any case, the record does not

7    establish any such gross negligence on Mr. Stubbs' part.  While his decision to forgo

8    a written response to the motion to dismiss in favor of presenting the plaintiffs'

9    opposition through oral argument at a non-scheduled hearing certainly amounts to

10   an unaccountable lapse in basic legal knowledge, it was not so grossly negligent as

11   to "vitiate[] the agency relationship that underlies our general policy of attributing to

12   the client the acts of his attorney." *Id.*

13       The determination of whether Rule 60(b) relief, particularly (b)(1) relief, is

14   warranted "is at bottom an equitable one, taking account of all relevant

15   circumstances surrounding the party's omission." <u>Pioneer Investment Services Co.</u>,

16   507 U.S. at 395.  Given the plaintiffs' inexplicable failure to ensure that this action

17   was properly litigated despite knowing that  their predecessor action was similarly

18   not properly litigated, coupled with the lack of candor underlying their Rule 60(b)

19   motion, the Court concludes that it would be  equitable to hold them accountable for

20   the acts and omissions of their chosen counsel.  Therefore,

21       IT IS ORDERED that Plaintiffs' Motion for Relief From Order (Doc. 27) is

22   denied.

23       DATED this 25th day of August, 2014.

24

25   _____

     Paul G. Rosenblatt
26   United States District Judge

- 12 -